(C. D. 482)

A. L. TUSKA SON & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 30, 1941)

*Strauss & Hedges* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; KEEFE, J., not participating

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a portion of the duty assessed on certain wooden stands which were classified by the collector as smokers' articles and assessed with duty at the rate of 60 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930. The plaintiff claims that the goods are dutiable at 33⅓ per centum ad valorem, as manufactures of wood, or at 40 per centum ad valorem, as "furniture * * * wholly or in chief value of wood," under paragraph 412.

The plaintiff called Mr. Thomas H. Elliott, who is the secretary and manager of the importing firm and also the buyer. His attention was directed to the first item on invoice number 3038, reading "300 Pcs. Lacq. Wooden Stand V037488" and he was asked if he was familiar with that merchandise. He testified that he bought the goods and saw them when they arrived and he produced a sample stand which he said was representative of the merchandise, the only difference being that the design on the top was different. The sample was received in evidence and marked "Illustrative Exhibit 1." It consists of a stand or small table standing about 21½ inches high, having four legs, a top about 11 inches square, and a shelf about 10 inches from the floor. The legs fit into a groove in the top and are attached to the shelf by means of dowels. A fancy design in green, red, and pink, outlined with gold-colored paint, appears on the top.

The witness testified that the articles were sold to furniture stores, gift shops, florists shops, and to "anybody that needs a stand for a lamp or flowerpot or statuary"; that they are made of wood; and that he had seen them used for holding flowerpots, lamps, statuary, and "anything you need a stand for." On cross-examination he testified that he purchases fifty or a hundred different styles of smokers' articles but he never ordered tables or stands similar to illustrative exhibit 1 for use as smokers' articles or similar ones with ashtrays or cigarette rests thereon.

Illustrative exhibit 1 has the appearance of being an ordinary piece of household furniture. It is a fancy stand and there is nothing connected therewith which indicates that it was designed as a smokers' article. Even though the stand is capable of having an ashtray or a

cigarette box placed thereon, such susceptability of use would not make it a smokers' article. See *Cincinnati Artistic Wrought Iron Works (Inc.) v. United States,* 58 Treas. Dec. 510. T. D. 44354.

We find from the evidence and an inspection of the exhibit that the merchandise represented by the goods described on the invoice as "300 Pcs. Lacq. Wooden Stand V037488" is furniture of wood and we hold that it is dutiable at 40 per centum ad valorem under paragraph 412 of the Tariff Act of 1930. As to the articles above described, the protest is sustained and judgment will be entered in favor of the plaintiff.

As to all other merchandise on the invoice and in all other respects, the protest is overruled.